OFFICE OF DISCIPLINARY COUNSEL *v.* BALL.

[Cite as *Disciplinary Counsel v. Ball* (1993), 67 Ohio St.3d 401.]

No. 93–388—Submitted May 25, 1993—Decided September 22, 1993.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 91–34.

*J. Warren Bettis,* Disciplinary Counsel, and *Dianna L. Chesley,* Assistant Disciplinary Counsel, for relator.

*Charles W. Kettlewell,* for respondent.

MOYER, C.J.   DR 6–101(A)(3) states that "A lawyer shall not * * * neglect a legal matter entrusted to him."  This court has previously interpreted this rule to warrant sanction when an attorney neglects to file necessary legal papers for clients and answer clients' inquiries, fails to prosecute actions on a client's behalf, and mismanages probate proceedings and guardianships.  *Cincinnati Bar Assn. v. Ebel* (1983), 5 Ohio St.3d 145, 5 OBR 277, 449 N.E.2d 456; *Disciplinary Counsel v. Giegel* (1990), 56 Ohio St.3d 58, 564 N.E.2d 84; *Disciplinary Counsel v. Oglesby* (1992), 64 Ohio St.3d 39, 591 N.E.2d 1214.  Neglect of this nature warrants disciplinary action contingent upon the severity and pervasiveness of the conduct.  The case at bar concerns the vicarious responsibility of a lawyer for the conduct of the nonlawyer employee and is of first impression in this state.

As the record demonstrates, respondent relinquished significant aspects of his probate practice to Haggerty and failed to set up any safeguards to ensure proper administration of the matters entrusted to him by clients. Delegation of work to nonlawyers is essential to the efficient operation of any law office. But, delegation of duties cannot be tantamount to the relinquishment of responsibility by the lawyer. Supervision is critical in order that the interests of clients are effectively safeguarded. (See EC 6–4: "Having undertaken representation, a lawyer should use proper care to safeguard the interests of his client.") It is respondent's total failure to supervise any work done by his nonlawyer employee which is the gravamen of this case.

Respondent argues that, under ABA Model Rules 5.1 and 5.3, a lawyer's vicarious responsibility in a disciplinary proceeding is *limited to* those situations where the lawyer orders or with knowledge ratifies, or fails to take reasonable remedial action upon learning of, the employee's wrongful acts.[1] We disagree. The Model Rules do not condone respondent's conduct. In fact, Model Rules 5.3(a) and (b) clearly indicate that it is a lawyer's duty to establish a system of office procedure that ensures delegated legal duties are completed properly:

"(a) a partner in a law firm shall make *reasonable efforts* to ensure that the firm has in effect measures giving *reasonable assurance* that the person's conduct is compatible with the professional obligations of the lawyer;

"(b) a lawyer having direct supervisory authority over the nonlawyer shall make *reasonable efforts* to ensure that the person's conduct is compatible with the professional obligations of the lawyer." (Emphasis added.)

---

1. The specific provisions to which respondent makes reference provide as follows:
   "Rule 5.1
   "Responsibilities of a Partner or Supervisory Lawyer:
   " * * *
   "(c) A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if:
   "(1) the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or
   "(2) the lawyer is a partner in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action."
   "Rule 5.3
   "Responsibilities Regarding Nonlawyer Assistants
   " * * *
   "(c) [A] lawyer shall be responsible for conduct of such a person [nonlawyer] that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:
   "(1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or
   "(2) the lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action."

The facts of this case do not reveal an elaborate scheme by Haggerty to secrete funds and conceal her conduct from respondent. Haggerty was totally conspicuous in her criminal conduct. Respondent needed only to review his files, his trust accounts, his campaign account, C.J.S. Properties files, or heed the warnings by the court concerning the neglect of numerous files in order to be alerted to the misconduct of his secretary. Respondent cannot rely on the high degree of competence Haggerty displayed over the years and the trust he developed in her to excuse his failure to provide competent counsel to his clients and guard funds over which he was a fiduciary. Respondent's nonfeasance over a ten-year period was the necessary element which facilitated Haggerty's criminal acts. As such, the lack of any semblance of supervisory control over the work delegated by respondent to Haggerty constitutes neglect of legal duties entrusted to respondent in ten separate legal matters in violation of DR 6–101(A)(3).

Therefore, this court concurs in the board's finding and in its recommendation, and orders that respondent be suspended from the practice of law in this state for a period of six months.

Costs taxed to respondent.

*Judgment accordingly.*

A.W. SWEENEY, DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

WRIGHT and PFEIFER, JJ., dissent and would issue a public reprimand only.

