CINCINNATI BAR ASSOCIATION *v.* REIS.

[Cite as *Cincinnati Bar Assn. v. Reis* (1997), 80 Ohio St.3d 124.]

(No. 97–812—Submitted July 7, 1997—Decided October 22, 1997.)

126

127

*Robert J. Gehring, Ann L. Lugbill* and *Stephen M. Nechemias,* for relator.
*John H. Burlew,* for respondent.

---

*Per Curiam.* Neglect of client matters reflects poorly not only on the lawyer involved, but also on the entire legal profession. *Disciplinary Counsel v. Sigall* (1984), 14 Ohio St.3d 15, 14 OBR 320, 470 N.E.2d 886. As we have previously said, "Neglect * * * warrants disciplinary action contingent upon the severity and pervasiveness of the conduct." *Disciplinary Counsel v. Ball* (1993), 67 Ohio St.3d 401, 403, 618 N.E.2d 159, 161. In this case we observe a clear pattern of client neglect extending over several years with no mitigating circumstances.

Respondent's repeated failure to fulfill her responsibilities as a lawyer warrants a sanction of indefinite suspension.

Further, respondent's reinstatement to the practice of law will be subject to four conditions in addition to the requirements of Gov.Bar R. V(10)(B) *et seq.* First, before her reinstatement will be considered, respondent shall provide evidence that she has refunded the following amounts to the following former clients: to Doris Tribble, $1,000; to Diana Ankenbaur, $500; to Ruth Stuckey, $500; to Josseline DeLatour, $500; and to Elinore Susan Mallory, an itemized statement and return of any unused retainer fee. Second, before reinstatement is considered, respondent must provide evidence that she has attended at least two continuing legal education courses on trust account management. Third,

before her reinstatement is considered, respondent shall demonstrate that within six months prior to her petition for reinstatement she was psychologically evaluated and received a satisfactory recommendation as to her ability to function as an attorney. Finally, if respondent is reinstated, the relator shall monitor her practice for one year after reinstatement. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.