OFFICE OF DISCIPLINARY COUNSEL *v.* BALL.

[Cite as *Disciplinary Counsel v. Ball* (1999), 85 Ohio St.3d 393.]

(No. 98–2214—Submitted February 10, 1999—Decided April 28, 1999.)

*Jonathan E. Coughlan,* Disciplinary Counsel, and *Lori J. Brown,* First Assistant Disciplinary Counsel, for relator.

*Dinsmore & Shohl, L.L.P., Anthony J. Celebrezze, Jr.,* and *William M. Mattes,* for respondent.

_____

ALICE ROBIE RESNICK, J. We adopt the findings and conclusions of the board. However, because we find respondent's offenses to be especially serious, we decline to adopt the board's recommendation regarding sanctions.

The offenses to which respondent pled guilty are described in the bill of particulars as "solicit[ing] or procur[ing] another to vote the ballot of another which had not been obtained lawfully from precinct authorities" (fifteen counts) and "solicit[ing] or procur[ing] another to commit the offense of knowingly making a false statement on any form for registration or any application or return envelope for an absent voter's ballot; to-wit: [individuals were] solicited to complete * * * application[s] for absent voter[s'] ballot[s] indicating[ ] incorrect address[es]" (fifteen counts). These offenses involve falsifying ballots and applications for ballots. Respondent thus engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1–102(A)(4).

Moreover, by falsifying ballots and applications for ballots, respondent worked to undermine the very system upon which our country as a democracy is based. True and accurate balloting ensures valid elections, which in turn guarantee that our government is truly representative. By committing these offenses, respondent fundamentally affected the legitimacy of our government and thus engaged in conduct that involves moral turpitude in violation of DR 1–102(A)(3). Finally, by committing these particular offenses, respondent shows a serious lack of respect for the law and thus has engaged in conduct that adversely reflects on his fitness to practice law in violation of DR 1–102(A)(6).

Additionally, this is respondent's second disciplinary action. In 1993, this court found that respondent had violated DR 6–101(A)(3) and suspended him from the practice of law for six months. *Disciplinary Counsel v. Ball* (1993), 67 Ohio St.3d 401, 405, 618 N.E.2d 159, 162.

Respondent is hereby suspended from the practice of law in Ohio for a period of two years. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents and would adopt the recommendation of the board of a one-year suspension.