[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 393.]

OFFICE OF DISCIPLINARY COUNSEL *v.* BALL.

[Cite as *Disciplinary Counsel v. Ball*, 1999-Ohio-399.]

*Attorneys at law—Misconduct—Two-year suspension—Conviction for attempted complicity to tamper with ballots and attempted complicity to falsely register voters—Previous disciplinary action resulting in a six-month suspension.*

(No. 98-2214—Submitted February 10, 1999—Decided April 28, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-90.

_____

{¶ 1} On October 13, 1997, relator, Office of Disciplinary Counsel, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") against respondent, Claire Melvin Ball, Jr. of Athens, Ohio, Attorney Registration No. 0020459. Relator charged respondent with violating DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 1-102(A)(6) (engaging in conduct adversely reflecting on his fitness to practice law). The charges in the disciplinary complaint were based upon multiple criminal charges to which respondent pled guilty and upon which he was subsequently convicted.

{¶ 2} The underlying criminal action was commenced on August 16, 1996, when the Athens County Grand Jury returned an indictment charging respondent with twenty-five counts of complicity to tamper with ballots (a violation of R.C. 3599.26 and 2923.03), one count of tampering with ballots (a violation of R.C. 3599.26), one count of interfering with the conduct of an election (a violation of R.C. 3599.24[A][2]), and twenty-four counts of complicity to falsely register voters

(a violation of R.C. 3599.11 and 2923.03). All violations are felonies of the fourth degree.

{¶ 3} On May 20, 1997, pursuant to a plea agreement, respondent pled guilty to thirty first-degree misdemeanor charges: fifteen counts of attempted complicity to tamper with ballots in violation of R.C. 3599.26, 2923.02, and 2923.93, and fifteen counts of attempted complicity to falsely register voters in violation of R.C. 3599.11(A), 2923.02, and 2923.03. The Athens County Common Pleas Court convicted respondent of these offenses and sentenced respondent with a fine of one thousand dollars on each count and a jail term of six months on each count, to be served consecutively, to a maximum term of eighteen months. The court suspended the jail term on the conditions that respondent pay, in addition to the fine, twenty thousand dollars for the costs of his prosecution to the Athens County Prosecutor to be distributed to the various agencies involved in respondent's prosecution, and that respondent be placed on probation for two years.

{¶ 4} Respondent paid the costs of prosecution and the required initial part of the fine the same day as the court convicted and sentenced him. On February 6, 1998, respondent finished paying the remaining fine in full, pursuant to the trial court's sentencing order.

{¶ 5} On May 22, 1998, a three-member panel appointed by the board held a hearing. Relator proffered for admission the indictment, the judgment entry of conviction and sentencing, the plea and sentencing transcript, the bill of particulars, and a previous disciplinary entry. The panel admitted only the judgment entry of conviction and sentencing, the bill of particulars, and the previous disciplinary entry. Relator rested after the panel admitted these documents and did not present any witnesses.

{¶ 6} The hearing panel ruled that it would accept evidence from respondent as to his motivation for the criminal offenses, but because he pled guilty to the thirty misdemeanor charges, the panel would not hear evidence as to his guilt or

innocence. Respondent presented the testimony of seven witnesses attesting to respondent's ability and fitness to practice law. Respondent also presented the testimony of one attorney who practices election law, for the purpose of showing that the offenses to which respondent pled guilty did not involve fraud. The panel admitted respondent's submission of the proof of payment of fines and costs from the underlying criminal action and twenty-six letters in support of respondent, attesting to his reputation in the legal and general community. Respondent himself did not testify.

{¶ 7} According to the board report, the hearing panel found that because respondent's plea involved attempted complicity to falsely register voters, he had violated DR 1-102(A)(4) and 1-102(A)(6). The panel also concluded that the types of criminal violations and the surrounding circumstances involved moral turpitude and therefore respondent had violated DR 1-102(A)(3). The panel recommended a one-year suspension from the practice of law. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that respondent pay the costs of these disciplinary proceedings.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, First Assistant Disciplinary Counsel, for relator.

*Dinsmore & Shohl, L.L.P.*, *Anthony J. Celebrezze, Jr.*, and *William M. Mattes*, for respondent.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 8} We adopt the findings and conclusions of the board. However, because we find respondent's offenses to be especially serious, we decline to adopt the board's recommendation regarding sanctions.

{¶ 9} The offenses to which respondent pled guilty are described in the bill of particulars as "solicit[ing] or procur[ing] another to vote the ballot of another

which had not been obtained lawfully from precinct authorities" (fifteen counts) and "solicit[ing] or procur[ing] another to commit the offense of knowingly making a false statement on any form for registration or any application or return envelope for an absent voter's ballot; to-wit: [individuals were] solicited to complete * * * application[s] for absent voter[s'] ballot[s] indicating[ ] incorrect address[es]" (fifteen counts). These offenses involve falsifying ballots and applications for ballots. Respondent thus engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4).

{¶ 10} Moreover, by falsifying ballots and applications for ballots, respondent worked to undermine the very system upon which our country as a democracy is based. True and accurate balloting ensures valid elections, which in turn guarantee that our government is truly representative. By committing these offenses, respondent fundamentally affected the legitimacy of our government and thus engaged in conduct that involves moral turpitude in violation of DR 1-102(A)(3). Finally, by committing these particular offenses, respondent shows a serious lack of respect for the law and thus has engaged in conduct that adversely reflects on his fitness to practice law in violation of DR 1-102(A)(6).

{¶ 11} Additionally, this is respondent's second disciplinary action. In 1993, this court found that respondent had violated DR 6-101(A)(3) and suspended him from the practice of law for six months. *Disciplinary Counsel v. Ball* (1993), 67 Ohio St.3d 401, 405, 618 N.E.2d 159, 162.

{¶ 12} Respondent is hereby suspended from the practice of law in Ohio for a period of two years. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents and would adopt the recommendation of the board of a one-year suspension.

4

January Term, 1999

---