[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 540.]

CINCINNATI BAR ASSOCIATION *v.* REIS.

[Cite as *Cincinnati Bar Assn. v. Reis*, 1999-Ohio-195.]

*Attorneys at law—Misconduct—Permanent disbarment—Engaging in a pattern of neglect and deceit—Failing to return clients' property and funds upon request—Failing to cooperate in disciplinary investigations.*

(No. 99-836—Submitted June 9, 1999—Decided September 8, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-35.

———————————

{¶ 1} On June 8, 1998, relator, Cincinnati Bar Association, filed a complaint charging respondent, Margaret A. Reis of Cincinnati, Ohio, Attorney Registration No. 0023701, with violating several Disciplinary Rules and a Rule for the Government of the Bar. Respondent failed to file an answer, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on relator's motion for default judgment.

{¶ 2} Based on the motion and attached exhibits, the panel found that in 1996, Judith M. Raker retained respondent to represent her on postdivorce motions filed by Raker's former husband for modification of child support, reimbursement of support, and for property damage. Despite numerous telephone calls by Raker, respondent did not advise Raker whether her attendance was necessary at a March 1996 hearing on the motions. At the hearing, respondent appeared without Raker and signed an agreed entry reducing the child support Raker received from her former husband and scheduling the remaining issues for a July 1996 hearing. Respondent did not consult with Raker about the entry, and Raker did not agree to its terms. Respondent also did not notify Raker of the July 1996 hearing, and neither respondent nor Raker appeared at the hearing. Following the hearing, the

common pleas court ordered Raker to pay her ex-husband $447.05 for child support overpayments and $627 for property damage. Respondent received a copy of the court's July 1996 order but did not notify Raker.

{¶ 3} In January 1997, Raker became aware of the July 1996 court order when she received her ex-husband's motion to find her in contempt of that order. When Raker contacted respondent, she advised Raker that she was not aware of the motion. Following a hearing at which respondent arrived late, the common pleas court found Raker in contempt of its July 1996 order, sentenced her to thirty days in jail, and stayed the sentence until May 13, 1997, setting forth conditions for Raker to purge herself of the contempt. Respondent refused to contact or notify her about the court's contempt ruling, so Raker obtained a copy of the court's decision herself and went to respondent's office to discuss the matter. Respondent claimed that she had not seen the contempt order but that she would take care of the problem. When respondent failed to subsequently contact Raker despite her many telephone messages, Raker hired a different attorney to represent her. In 1998, Raker obtained a default judgment in municipal court against respondent in the amount of $2,844 for the damages caused by respondent's representation. Relator also requested a return of her file and financial documents, but respondent did not return them.

{¶ 4} The panel further found that in 1994, Richard G. Cruse paid respondent $200 for filing fees and $800 as a retainer to represent him in a divorce case. Cruse later decided not to pursue the divorce and requested a refund of any money to which he was entitled. Respondent refunded the $200 filing fee and specified that she would refund an additional amount, but despite repeated requests, she did not refund any of the $800 retainer.

{¶ 5} In addition, the panel found that in June 1996, Denise L. Sneed retained respondent to represent her in a child custody proceeding. Sneed paid respondent $1,500 and agreed that once the retainer was expended, she would be billed monthly. Respondent expended the retainer by December 1996, but failed

to keep Sneed informed until November 1997, when respondent requested payment of her entire bill for services. Respondent's bill included a $250 charge for a conference that did not occur and other charges for work that respondent failed to complete in a competent manner.

{¶ 6} Respondent failed to cooperate in relator's investigations of the grievances arising from respondent's conduct in representing Raker, Cruse, and Sneed. No mitigating evidence was presented.

{¶ 7} The panel concluded that respondent's conduct violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), 2-106(A) (charging a clearly excessive fee), 6-101(A)(1) (handling a legal matter that she knows or should know that she is not competent to handle), 6-101(A)(2) (handling a legal matter without adequate preparation), 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(3) (prejudicing or damaging client during course of the professional relationship), 9-102(B)(4) (failing to promptly pay or deliver funds or other properties to clients that they are entitled to receive upon request), and Gov.Bar R. V(4)(G) (failing to cooperate with disciplinary investigation). The panel recommended that respondent be permanently disbarred. The board adopted the findings, conclusions, and recommendation of the panel.

—————————————

*Robert J. Gehrig* and *Stephen M. Nechemias*, for relator.

—————————————

***Per Curiam.***

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. Respondent engaged in a pattern of neglect and deceit, failed to return her clients' property and funds upon request, and failed to cooperate in the ensuing disciplinary investigations. In addition, we have previously indefinitely suspended respondent from the practice of law due to a comparable pattern of client neglect.

*Cincinnati Bar Assn. v. Reis* (1997), 80 Ohio St.3d 124, 684 N.E.2d 1214. Absent any mitigating circumstances, respondent's pattern of misconduct and appropriation of client funds and property warrant disbarment. See, *e.g., Cincinnati Bar Assn. v. Wolosin* (1999), 84 Ohio St.3d 401, 402, 704 N.E.2d 566, 568. Respondent is hereby permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____