COLUMBUS BAR ASSN. *v.* WATSON.

[Cite as *Columbus Bar Assn. v. Watson,*
106 Ohio St.3d 298, 2005-Ohio-4983.]

(No. 2005–0289—Submitted March 30, 2005—Decided October 5, 2005.)

**Per Curiam.**

{¶ 1} Respondent, James E. L. Watson, of Columbus, Ohio, Attorney Registration No. 0039585, was admitted to the Ohio bar in 1988.

{¶ 2} On August 9, 2004, relator, Columbus Bar Association, filed a complaint charging respondent with three counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline considered the case on the parties' consent-to-discipline agreement, see Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), and made findings of misconduct and a recommendation, which the board adopted.

{¶ 3} In keeping with the parties' agreement, the panel dismissed Count II of the complaint. We therefore review the board's findings and recommendation regarding the remaining allegations—Counts I and III—of the complaint.

## Misconduct

### Count One

{¶ 4} By adopting the parties' agreement in all respects, the board found that respondent was bedridden for several months in 2002 and relied during those months on a paralegal at his office to help him manage his law practice. Respondent instructed that paralegal, William Thomas, to prepare a draft answer, counterclaim, and motion for a restraining order for respondent's client, Richard Zahner, in a divorce case and deliver the documents to respondent for his review and signature. Instead, Thomas signed respondent's name to the pleadings and filed them in November 2002 without respondent's consent. The motion for a restraining order in the case included an affidavit purportedly signed by Zahner and notarized by respondent. Respondent had not in fact seen Zahner sign the affidavit and had not notarized the signature. Thomas had improperly notarized the affidavit and signed respondent's name on it as the notary.

{¶ 5} In December 2002, Thomas drafted a letter to Zahner and signed respondent's name to it without indicating that respondent himself had not written, reviewed, or signed the letter. Zahner believed that respondent had written and signed it.

{¶ 6} In January 2003, respondent instructed Thomas to prepare written objections to a magistrate's order in Zahner's case. Again, Thomas was to deliver the draft objections to respondent for his review and signature before they were filed. Thomas did not do so, and respondent never reviewed the objections before Thomas signed respondent's name on the document and filed it with the court.

{¶ 7} Respondent admitted and the board found that he had violated DR 3–101(A) (barring an attorney from aiding a nonlawyer in the unauthorized practice of law) and 6–101(A)(3) (barring an attorney from neglecting an entrusted legal matter).

### Count Three

{¶ 8} While representing Richard Zahner, respondent did not maintain professional-liability insurance coverage and did not notify Zahner of that fact.

{¶ 9} Respondent admitted and the board found that he had thereby violated DR 1–104(A) (requiring an attorney who does not maintain adequate professional-liability insurance to so advise his or her clients in writing).

### Sanction

{¶ 10} In recommending a sanction for respondent's misconduct, the board considered aggravating and mitigating factors, to which the parties had also

stipulated. See BCGD Proc.Reg. 10. No aggravating factors were found in connection with respondent's actions. Mitigating factors included the absence of any prior disciplinary record, the absence of a dishonest or selfish motive, a timely good-faith effort to make restitution or to rectify the consequences of the misconduct, full and free disclosure to the panel and a cooperative attitude during the proceedings, and evidence of respondent's good character and reputation from other attorneys. BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d), and (e).

{¶ 11} The parties jointly suggested that respondent be suspended from the practice of law for six months, with all six months stayed, provided that (1) respondent refrains from any further misconduct during the six months, (2) respondent pays all costs associated with his disciplinary case, and (3) respondent reviews and approves all documents prepared by his support staff and ensures that all documents are properly signed by him or properly initialed if signed by others on his behalf. The board accepted this recommendation.

{¶ 12} We agree that respondent violated all of the provisions cited in the board's report, and we also agree that a six-month stayed suspension from the practice of law is appropriate. Accordingly, respondent is hereby suspended from the practice of law in Ohio for a period of six months, with the entire suspension stayed on the condition that he (1) commits no further misconduct during the six months, (2) pays all costs associated with this case in a timely manner, and (3) reviews and approves all documents prepared by his support staff and ensures that all documents are properly signed by him or properly initialed if signed by others on his behalf. If respondent violates any of these conditions, the stay will be lifted, and respondent will serve the entire term of actual suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Barbara J. Petrella, Bruce A. Campbell, and Jill M. Snitcher McQuain, for relator.

Kettlewell & Kettlewell, L.L.C., Charles J. Kettlewell, and Charles W. Kettlewell, for respondent.