OHIO STATE BAR ASSOCIATION *v.* ALLEN.

[Cite as *Ohio State Bar Assn. v. Allen,*
107 Ohio St.3d 180, 2005-Ohio-6185.]

(No. 2004–2150—Submitted July 26, 2005—Decided December 7, 2005.)

**Per Curiam.**

{¶ 1} On March 29, 2004, relator, Ohio State Bar Association, charged in a second amended complaint that respondent, John Dale Allen, last known address in Pleasantville, Ohio, had individually and while doing business as Freedom Trust engaged in the unauthorized practice of law by counseling clients and preparing legal pleadings for filing in Ohio courts. Respondent answered the complaint, admitting that he has never been an attorney admitted to the practice of law or been granted active status or certified to practice law in the state of Ohio pursuant to the Supreme Court Rules for the Government of the Bar. He denied all other allegations. Respondent also counterclaimed, asserting mainly that the relator had no authority to file charges against him and that the Board on the Unauthorized Practice of Law lacked jurisdiction to consider relator's complaint.

{¶ 2} Five members of the board heard the cause on October 21, 2004. After refusing to answer relator's interrogatories and failing to appear in response to more than three subpoenas commanding him to appear for his deposition, respondent also did not attend the hearing. Upon consideration of the pleadings and evidence, the board dismissed respondent's counterclaims and made findings of fact, conclusions of law, and a recommendation.

{¶ 3} Denise Flagg, who had lived with respondent in 2002 and 2003, testified as to how he earned money during those years. According to Flagg, fees from preparing legal pleadings and giving legal advice about the documents he provided were respondent's only source of income. Flagg also quoted respondent as having said, "[T]here is no such thing as a license to practice law in the State of Ohio," apparently to explain why he did not think he needed a license to practice law.

{¶ 4} Flagg testified that respondent would sometimes tell her that he was going to prepare legal documents for some customers and would then give the papers to them in front of her. She also heard respondent advise his customers on occasion about pleadings that he had prepared and the ensuing court proceedings. In fact, after respondent moved out of her home, Flagg said that customers continued to call asking for respondent's legal assistance.

{¶ 5} Flagg identified three divorce complaints, some with accompanying documents, that respondent had prepared for customers in domestic-relations cases. In at least one of these cases, respondent had been paid a fee. Flagg also testified that respondent prepared at least one trust document for a customer.

{¶ 6} Based upon the evidence presented, the board concluded that respondent's actions constituted the unauthorized practice of law. The board recommended that we issue an order enjoining respondent from engaging in the unauthorized practice of law. Relator advocated the imposition of a $10,000 civil penalty pursuant to Gov.Bar R. VII(8)(B). The board, however, recommended a $40,000 penalty—$10,000 for each of the four proven cases of practicing law without a license—because of respondent's repeated transgressions and his demonstrated disrespect for relator and the board.

{¶ 7} Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over the practice of law and all matters related to the practice of law. "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio * * *." Gov.Bar R. VII(2)(A). With limited exceptions not at issue here, "the practice of law is not limited to appearances in court, but also includes giving legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are preserved." *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244; see, also, *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 193 N.E. 650.

{¶ 8} Respondent's unlicensed preparation of legal documents on behalf of others and counseling as to their legal rights constitute the unauthorized practice of law. We therefore adopt the board's findings of fact, conclusions of law, and recommendation. Respondent is hereby enjoined from preparing legal documents, providing legal counsel, and engaging in all other acts constituting the unauthorized practice of law.

{¶ 9} We also adopt the recommendation to impose an additional civil penalty. Respondent flouted our constitutional authority, delegated in part to relator and the board, to regulate the practice of law and protect the public from interlopers not subject to the ethical constraints and educational requirements of this profession. Though given ample opportunity, respondent refused to cooperate in this process, flagrantly practiced law without a license, and caused unsuspecting

and vulnerable customers harm by taking their money in exchange for providing inferior services with potentially disastrous ramifications. Gov.Bar R. VII(8)(B)(1) through (5). Pursuant to Gov.Bar R. VII(19)(D)(1), respondent is therefore ordered to pay the civil penalty of $40,000.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Eugene P. Whetzel, Bar Counsel, Fanger Law Offices, and Jeffrey J. Fanger, for relator.