COLUMBUS BAR ASSOCIATION *v.* THOMAS.

[Cite as *Columbus Bar Assn. v. Thomas,*
109 Ohio St.3d 89, 2006-Ohio-1930.]

(No. 2005–1938—Submitted November 30, 2005—Decided May 3, 2006.)

**Per Curiam.**

{¶ 1} On February 14, 2005, relator, Columbus Bar Association, filed a two-count complaint alleging that respondent, William Thomas of Columbus, Ohio, had engaged in the unauthorized practice of law by independently representing clients while employed as attorney James E.L. Watson's legal assistant.

{¶ 2} Respondent was served with the complaint but did not answer, and relator filed a motion for default pursuant to Gov.Bar R. VII(7)(B). A panel of the Board on the Unauthorized Practice of Law granted the motion and made findings of fact, conclusions of law, and a recommendation, which the board adopted.

*Count I (Zahner)*

{¶ 3} Respondent worked for Watson for many years, including several months in 2002 while Watson was recovering at home from a serious injury. Watson relied on respondent—who is not now and never has been licensed to practice law in Ohio—to perform duties subject to Watson's supervision and approval. Respondent, however, exceeded that authority and acted independently on behalf of Richard H. Zahner in his divorce case. For Watson's failure to properly oversee his employee and for aiding in the unauthorized practice of law, we suspended

Watson from the practice of law for six months, staying the suspension on conditions. *See Columbus Bar Assn. v. Watson,* 106 Ohio St.3d 298, 2005-Ohio-4983, 834 N.E.2d 809.

{¶ 4} Respondent prepared an answer and counterclaim and a motion for a restraining order to file in Zahner's divorce proceedings. Without Watson's review or approval, respondent also signed Watson's name and filed those papers in Franklin County domestic-relations court. Respondent included with the motion for a restraining order a supporting affidavit bearing a signature that he claimed, and Zahner denied, was Zahner's signature. Respondent improperly notarized this signature, using Watson's notary seal and signing Watson's name.

{¶ 5} Without Watson's knowledge or authority, respondent also subsequently drafted a letter to Zahner explaining the legal process and giving legal advice relative to his domestic-relations case. Respondent sent the letter, dated December 6, 2002, under Watson's name by again signing for his employer. Upon Watson's instructions, respondent subsequently prepared and filed objections to a magistrate's order in the Zahner case. Respondent did not obtain Watson's approval of this filing or Watson's specific authority to sign on his behalf.

### Count II (Faulkes)

{¶ 6} While working for Watson during 1997, respondent agreed to assist his relative, Inez Faulkes, in preparing her will. Respondent signed as a witness to the testator's signature but was not present when Faulkes signed her will, and he did not obtain the required second witness's signature. As a result, Faulkes died without a properly executed will.

{¶ 7} Following Faulkes's death, respondent prepared legal documents, including an application for authority to administer the estate, an application to probate will, fiduciary's bond, and an entry admitting the will to probate. Respondent forwarded those documents for filing without Watson's review, and he signed Watson's name on several of them without Watson's knowledge. The Summit County probate court returned the documents unfiled because respondent failed to submit a $200 filing fee and because several of the documents were deficient.

{¶ 8} Respondent subsequently sent letters to Faulkes's next of kin providing legal advice about their rights to contest her will. The letters, which Watson did not know of or review, bore Watson's unauthorized signature and falsely represented that Watson had opened the estate.

{¶ 9} Respondent also prepared and sent a letter to the Summit County probate judge requesting that Watson be appointed administrator of the Faulkes estate. Watson did not review this letter, which respondent had signed on Watson's behalf and sent without his knowledge. Respondent prepared and sent another letter to Patricia Hollimion providing legal advice relative to her possible

appointment as administrator of Faulkes's estate. Watson did not review or sign that letter.

{¶ 10} On these facts, the board found that respondent had engaged in the unauthorized practice of law and recommended that we enjoin respondent from such practices in the future. Finding that respondent's victims were unaware that he was acting without professional supervision, that he had forged Watson's signature, and that he had not cooperated in the board proceedings, the board concluded that respondent had violated Gov.Bar R. VII(8)(B)(1), (3), and (4), which allow civil penalties based on lack of cooperation, flagrancy of violations, and harm to third parties. The board recommended a $10,000 civil penalty, representing $5,000 for each count against respondent.

{¶ 11} We agree that respondent engaged in the unauthorized practice of law. Section 2(B)(1)(g), Article IV, Ohio Constitution confers on this court original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law. A person who is not admitted to the practice of law pursuant to the Supreme Court Rules for the Government of the Bar engages in the unauthorized practice of law when he or she provides legal services to another in this state. Gov.Bar R. VII(2)(A); see, also, R.C. 4705.01.

{¶ 12} The practice of law is not limited to appearances in court. It also embraces the preparation of papers that are to be filed in court on another's behalf and that are otherwise incident to a lawsuit. *Cleveland Bar Assn. v. Misch* (1998), 82 Ohio St.3d 256, 259, 695 N.E.2d 244; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 28, 1 O.O. 313, 193 N.E. 650.

{¶ 13} We have specifically held that a lay employee engages in the unauthorized practice of law by preparing legal documents for another to be filed in domestic-relations court without a licensed attorney's oversight. *Cleveland Bar Assn. v. Para–Legals, Inc.*, 106 Ohio St.3d 455, 2005-Ohio-5519, 835 N.E.2d 1240. Providing legal counsel by a layperson in preparing another person's will also constitutes the unauthorized practice of law. *Akron Bar Assn. v. Miller* (1997), 80 Ohio St.3d 6, 684 N.E.2d 288. Further, unauthorized practice occurs when a layperson renders legal advice in the pursuit of managing another person's legal actions and proceedings before courts of law. *Richland Cty. Bar Assn. v. Clapp* (1998), 84 Ohio St.3d 276, 703 N.E.2d 771; *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558.

{¶ 14} Rules prohibiting the unauthorized practice of law are "intended to protect Ohio citizens from the dangers of faulty legal representation rendered by persons not trained in, examined on, or licensed to practice by the laws of our state." *Disciplinary Counsel v. Pavlik* (2000), 89 Ohio St.3d 458, 461, 732 N.E.2d 985. Thus, although laypersons may assist lawyers in preparing legal papers to

be filed in court and managing pending claims, those activities must be carefully supervised and approved by a licensed practitioner. *Cleveland Bar Assn. v. Coats*, 98 Ohio St.3d 413, 2003-Ohio-1496, 786 N.E.2d 449 (paralegal's conduct in appearing as the representative of another at a hearing before the Bureau of Employment Services and in drafting divorce complaints and judgment entries for pro se litigants, without a licensed attorney's supervision, constituted the unauthorized practice of law). Because respondent lacked this professional oversight, his actions with respect to Zahner and Faulkes violated the prohibitions against the unlicensed practice of law.

{¶ 15} To discourage such practices, we agree that a civil penalty is warranted, but we find the recommended $10,000 civil penalty to be excessive. Respondent did not appear before the board; however, he did cooperate during relator's investigation by being deposed twice and candidly admitting many of the facts underlying relator's complaint. From this testimony, we are convinced that respondent did not understand, despite his years of experience as a legal assistant, the extent to which he had overstepped the bounds of that role. We find what the panel and board conceded was possible: that respondent believed, although he was seriously mistaken, that he had Watson's permission to prepare and sign documents on his behalf.

{¶ 16} Respondent is enjoined from engaging in acts constituting the unauthorized practice of law, including preparing and filing in court papers to determine the legal rights of others and offering legal advice to others about how to protect those rights. We also order respondent to pay a civil penalty of $5,000 pursuant to Gov.Bar R. VII(8)(B) and VII(19)(D)(1)(c). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Jill M. Snitcher–McQuain, Assistant Bar Counsel, and Mary Jo Cusack, for relator.