DISCIPLINARY COUNSEL *v.* LORENZON.

[Cite as *Disciplinary Counsel v. Lorenzon,*

133 Ohio St.3d 332, 2012-Ohio-4713.]

*Attorneys—Misconduct—Permitting others to use attorney-registration number and electronic signature—Conduct adversely reflecting on fitness to practice law—Stayed six-month suspension.*

(No. 2011-2184—Submitted March 7, 2012—Decided October 16, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-044.

_____

**Per Curiam.**

{¶ 1} Respondent, Jason Todd Lorenzon of Cleveland, Ohio, Attorney Registration No. 0082510, was admitted to the practice of law in Ohio in 2007. On June 14, 2010, relator, disciplinary counsel, filed a complaint charging Lorenzon with multiple violations of the Ohio Rules of Professional Conduct arising from his "of counsel" relationship with a Florida law firm that negotiates debt on behalf of consumers. Lorenzon answered the complaint, admitting many of the factual allegations in the complaint but denying that his conduct violated the Ohio Rules of Professional Conduct.

{¶ 2} At the September 2011 hearing conducted by a panel of the Board of Commissioners on Grievances and Discipline, the parties submitted stipulated findings of fact, mitigation, and aggravation, as well as 11 stipulated exhibits. Respondent testified and submitted 12 letters attesting to his good character and reputation.

{¶ 3} Of the multiple violations alleged in relator's complaint, the panel found only that Lorenzon's conduct in permitting the Florida law firm to use his

electronic signature and attorney-registration number with no restrictions violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and recommended that he receive a six-month stayed suspension for that conduct. The panel recommended that the remaining allegations in relator's complaint be dismissed.

{¶ 4} The board adopted the panel's findings of fact and misconduct and its recommended sanction, and there are no objections to this recommendation. We adopt those findings and agree that a six-month stayed suspension is the appropriate sanction for Lorenzon's misconduct.

**Misconduct**

{¶ 5} On September 15, 2008, Lorenzon entered into an "of counsel" agreement with Consumer Law Group, P.A. ("CLG"), a Florida law firm that negotiates debt on behalf of consumers. The agreement provided that Lorenzon would be paid $1,000 annually to serve as local counsel for CLG and that he would execute a contract with each Ohio client. To facilitate the execution of the contracts, the agreement required Lorenzon to provide CLG with his electronic signature and Ohio attorney-registration number. The agreement specified that Lorenzon's only duty to Ohio clients was to engage in "episodic phone calls wherein [he] may be needed to answer client questions from time to time"—a duty that CLG estimated would require no more than three hours per year—and expressly provided that Lorenzon would not be obligated to represent the clients in court or before any agency or panel.

{¶ 6} Lorenzon received the $1,000 payment and provided his electronic signature and attorney-registration number to CLG in September 2008. He was not aware of any contracts with CLG clients until after Floyd and Mary Brown sued him and CLG in May 2009 to terminate a November 2008 contract with CLG. Lorenzon was the only representative of CLG identified in the Browns' contract, and in addition to his name, the document bore his electronic signature

and Ohio attorney-registration number. The Browns settled their claims against respondent and the owner of CLG, Michael L. Metzner, on June 1, 2009, and received a full refund.

**{¶ 7}** Lorenzon later learned that CLG had used his name, electronic signature, and attorney-registration number to enter into at least three other contracts without his knowledge. He testified that he understood that he would be responsible for overseeing all of CLG's Ohio client cases to ensure that their representation was in accordance with the "Ohio ethics rules" and in their best interests.

**{¶ 8}** Lorenzon testified that he approved a blank form contract that CLG was to use for Ohio clients and explained that he thought he was to receive every contract by e-mail, approve it, and send it back to CLG, where his electronic signature would be affixed to the contract. He thought this procedure would be easier and require less time than actually signing each contract, scanning it, and sending it back to CLG. He admitted, however, that his contract with CLG did not specify that he was to review each individual contract and that it authorized CLG to apply or use his signature on correspondence and forms that he had preapproved.

**{¶ 9}** The panel and board found that Lorenzon violated Prof.Cond.R. 8.4(h) as alleged in Count One of the complaint, by giving CLG his electronic signature and attorney-registration number without placing restrictions on how they could be used. They recommend, however, that we dismiss an alleged violation of Prof.Cond.R. 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct) and all of the allegations in Counts Two through Six of relator's complaint—some on relator's motion, and others on the insufficiency of the evidence.

**{¶ 10}** We adopt these findings of fact and find by clear and convincing evidence that Lorenzon has violated Prof.Cond.R. 8.4(h). We also adopt the

board's recommendation to dismiss the remaining allegations of relator's complaint.

**Sanction**

{¶ 11} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 12} The parties stipulated and the board found that the absence of a prior disciplinary record, Lorenzon's full and free disclosure to the board, and his cooperative attitude toward the proceedings should be considered in mitigation of sanction. *See* BCGD Proc.Reg. 10(B)(2)(a) and (d). Lorenzon also submitted 12 letters from attorneys, family, and friends attesting to his good character and integrity apart from the charged misconduct, as well as his professional skills. *See* BCGD Proc.Reg. 10(B)(2)(e). Although the parties did not stipulate to any aggravating factors, the board expressed its concern that Lorenzon felt that he had been victimized by Metzner and found that he did not acknowledge the wrongfulness of his own conduct. *See* BCGD Proc.Reg. 10(B)(1)(g).

{¶ 13} Relator sought a public reprimand for Lorenzon's misconduct, while Lorenzon argued that the complaint should be dismissed.

{¶ 14} The panel and board note that we have not previously disciplined an attorney for relinquishing his electronic signature and attorney-registration number to a third party for use on preapproved correspondence and forms. We have, however, sanctioned attorneys who have failed to properly supervise their employees. In *Columbus Bar Assn. v. Watson*, 106 Ohio St.3d 298, 2005-Ohio-4983, 834 N.E.2d 809, ¶ 4, we found that a bedridden attorney aided the

unauthorized practice of law and neglected a client matter when he instructed his paralegal to draft legal pleadings for his review and signature and failed to properly supervise the paralegal, who then drafted the documents, signed the attorney's name to them, and filed them in court without the attorney's consent. For this misconduct, and for failing to advise a client that his professional-liability insurance had lapsed, we imposed a six-month suspension, all stayed on conditions.

{¶ 15} In *Disciplinary Counsel v. Maley*, 119 Ohio St.3d 217, 2008-Ohio-3923, 893 N.E.2d 180, ¶ 4, 23, we imposed an 18-month suspension, with six months stayed on conditions, after a secretary used the attorney's name and office to prepare and file various bankruptcy pleadings and respond to notices and letters from bankruptcy trustees without the attorney's knowledge or consent. We noted:

> Respondent's lax supervision of his employee allowed her to use respondent's credit card, his bankruptcy court credentials, and his reputation to the detriment of his clients and the court. Appropriate oversight of his practice could have prevented her misconduct. If respondent had read his e-mail notifications from the bankruptcy court, reviewed his bank statements and credit card charges, and reviewed his files on a regular basis, he would have known that something was wrong.

*Id.* at ¶ 20. While recognizing an attorney's need to delegate some tasks, we have insisted that attorneys provide ample supervision to ensure that those tasks are completed properly. *Id.* at ¶ 21, citing *Disciplinary Counsel v. Ball*, 67 Ohio St.3d 401, 404, 618 N.E.2d 159 (1993).

{¶ 16} Here, there is no allegation that Lorenzon failed to adequately supervise his own staff. Rather, the evidence demonstrates that in exchange for

$1,000, he provided his electronic signature and Ohio attorney-registration number for use by a Florida-based corporation. Although Lorenzon claims to have relied upon Metzner's oral representations that he would see each contract before his electronic signature would be affixed, those representations were not incorporated into the contract, which provides: "Attorney shall execute all 'Debt Settlement' or 'Negotiation' agreements with potential clients in Ohio. Toward that end, upon execution of this Agreement, Attorney shall email Company an electronic signature to be used on correspondence and forms that have been pre-approved by Attorney."

{¶ 17} Lorenzon admitted that he had preapproved the blank form that was to be used for every Ohio client and acknowledged that the contract with CLG did not require his approval for every individual debt-negotiation contract. Thus, Lorenzon provided his electronic signature without retaining any appreciable means to control or supervise its use. His only justification for the arrangement was to save the time that it would otherwise have taken him to sign each individual contract, scan it, and send it back to CLG—a process that he estimated would delay contract execution by a couple of hours. One panel member likened the process to giving CLG "what amounts to your ATM identification and your pin number."

{¶ 18} Because an attorney's signature, whether actual or electronic, affixed to a document along with an attorney-registration number reflects personal assent to or approval of a document, the attorney must jealously guard its use to protect innocent third parties as well as the attorney's own reputation.

{¶ 19} Here, Lorenzon's failure to properly supervise the use of his signature exposed him to unanticipated professional liability at the hands of an allegedly unscrupulous person. But more importantly, by loaning his good name without retaining adequate control over its use, he exposed vulnerable and

unsuspecting Ohio consumers to the questionable practices of an out-of-state debt-negotiation firm.

**{¶ 20}** Based upon this conduct, we agree that Lorenzon engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Prof.Cond.R. 8.4(h). And although we agree that the facts of this case are unique, we find that Lorenzon's conduct and the attendant risk of harm to third parties are analogous to cases in which attorneys have failed to properly supervise their employees. In recognition of the mitigating factors in this case and the absence of any evidence to show that any clients were harmed, we agree that a six-month stayed suspension is the appropriate sanction for Lorenzon's misconduct.

**{¶ 21}** Accordingly, Jason Todd Lorenzon is hereby suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the condition that he commit no further misconduct. If Lorenzon fails to comply with the condition of the stay, the stay will be lifted, and he shall serve the full six-month suspension. Costs are taxed to Lorenzon.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather Hissom Coglianese, Assistant Disciplinary Counsel, for relator.

Jason Todd Lorenzon, pro se.

_____