**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Spicer*, **Slip Opinion No. 2020-Ohio-3020.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3020

DISCIPLINARY COUNSEL *v.* SPICER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Spicer*, Slip Opinion No. 2020-Ohio-3020.]**

*Unauthorized practice of law—Preparing legal agreements and instruments—Permanent injunction issued and civil penalty imposed.*

(No. 2020-0034—Submitted February 12, 2020—Decided May 26, 2020.)

ON CERTIFIED REPORT by the Board on the Unauthorized Practice of Law, No. UPL 19-01.

_____

**Per Curiam.**

{¶ 1} In March 2019, relator, disciplinary counsel, filed with the Board on the Unauthorized Practice of Law a complaint charging respondent, J. Scott Spicer, with engaging in the unauthorized practice of law by accepting money in exchange for preparing legal documents.  Spicer did not respond to the complaint or to relator's subsequent motion for default, although relator's investigator averred that

at the direction of the board's secretary, he had personally served Spicer with a copy of the complaint and—after Spicer failed to file an answer—orders from the board assigning a three-member hearing panel and directing relator to file a motion for default. Based on the evidence submitted with relator's default motion, the panel found that Spicer had engaged in the unauthorized practice of law and recommended that we enjoin him from performing further legal services and impose a $10,000 civil penalty. The board adopted the panel's report and recommendations.

{¶ 2} Based on our review of the record, we agree that Spicer engaged in the unauthorized practice of law and that an injunction and a civil penalty are warranted.

### Spicer's Conduct

{¶ 3} Spicer has never been admitted to the practice of law in Ohio and is not otherwise authorized to practice law in this state.

{¶ 4} According to the sworn affidavits and other documents filed with relator's default motion, in November 2016, Elishia Krauss hired Spicer to assist her with preparing documents for a new pet-food business. Spicer advised Krauss that he owned a company known as "SPI Legal Services, L.L.C.," that his title was "Senior Paralegal," and that he subcontracted with 26 attorneys. He provided Krauss with a "Contract For Legal Services," in which he agreed to prepare certain documents for her business in exchange for a "non-refundable retainer" of $2,100. Spicer e-mailed Krauss requesting that she complete an "LLC Questionnaire," which he indicated would allow him "to prepare the LLC as well as the Articles of Incorporation and Operating Agreement." Spicer also advised Krauss that although he would be her primary contact, Josh Waters, an attorney with the law firm of Markesbery & Richardson Co., L.P.A., would be her attorney.

{¶ 5} After Krauss paid the retainer, Spicer prepared the following documents on her behalf: (1) articles of organization for her new limited-liability

company, Healthy Pooch, L.L.C., (2) an operating agreement for Healthy Pooch, (3) a certificate designating a registered office and agent for the company, and (4) a "Confidentiality, Non-Competition, and Non-Solicitation Agreement." Spicer signed one copy of the confidentiality agreement, which indicated that Healthy Pooch had employed him as a "paralegal" and that he had agreed to keep confidential certain information about the company and not to compete with the company or solicit customers away from it. The agreement included a mandatory-arbitration clause. According to Krauss's communications with Spicer, she intended to have other individuals—such as a baker and a graphic designer—also sign the confidentiality agreement.

{¶ 6} In December 2016, Krauss paid Spicer an additional $1,000 to prepare estate-planning documents, including wills, living wills, and durable powers of attorney. Spicer, however, stopped communicating with Krauss, failed to send her any estate-planning documents, and failed to refund her money.

{¶ 7} The following month, Krauss reported Spicer's conduct to the Wilmington, Ohio police department. The police interviewed Spicer, who acknowledged that he had prepared forms for Krauss but denied that he had acted as an attorney. According to the police report, Spicer also stated that although he had attempted to contact attorney Waters about reviewing some of his work for Krauss, he was never able to reach Waters. To corroborate that Waters had not reviewed Spicer's work for Krauss, the police also talked to three attorneys from Markesbery & Richardson, including Waters. The panel concluded that Spicer had failed to produce any evidence demonstrating that an attorney supervised the work he had performed for Krauss.

### Spicer Engaged in the Unauthorized Practice of Law

{¶ 8} This court has original jurisdiction over the admission to the practice of law in Ohio, the discipline of persons so admitted, and "all other matters relating to the practice of law," Section 2(B)(1)(g), Article IV, Ohio Constitution, which

includes regulating the unauthorized practice of law, *Greenspan v. Third Fed. S. & L. Assn.*, 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16. "The purpose of that regulation is to 'protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation.' " *Disciplinary Counsel v. Schroeder*, 151 Ohio St.3d 606, 2017-Ohio-8790, 91 N.E.3d 743, ¶ 5, quoting *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 9} The unauthorized practice of law includes the "rendering of legal services for another by any person not admitted to practice in Ohio," Gov.Bar R. VII(2)(A)(1), and holding oneself out as an attorney when one is not licensed to practice law, Gov.Bar R. VII(A)(4). We have consistently maintained that the rendering of legal services includes " 'the preparation of legal instruments and contracts by which legal rights are preserved.' " *Ohio State Bar Assn. v. Miller*, 138 Ohio St.3d 203, 2014-Ohio-515, 5 N.E.3d 619, ¶ 14, quoting *Ohio State Bar Assn. v. Allen*, 107 Ohio St.3d 180, 2005-Ohio-6185, 837 N.E.2d 762, ¶ 7. And the drafting of a contract or other legal instrument on behalf of another constitutes the practice of law "even if the contract is copied from a form book or a contract previously prepared by a lawyer." *Ohio State Bar Assn. v. Burdzinski, Brinkman, Czarzasty & Landwehr, Inc.*, 112 Ohio St.3d 107, 2006-Ohio-6511, 858 N.E.2d 372, ¶ 23.

{¶ 10} In addition, we have explained that although an unlicensed person may assist in the provision of legal services, "the individual's actions must be closely supervised and approved by a licensed attorney." *Disciplinary Counsel v. Casey*, 138 Ohio St.3d 38, 2013-Ohio-5284, 3 N.E.3d 168, ¶ 10. "Without such supervision, the individual's legal services constitute the unauthorized practice of law." *Id.*; *see also Columbus Bar Assn. v. Thomas*, 109 Ohio St.3d 89, 2006-Ohio-1930, 846 N.E.2d 31 (a legal assistant engaged in the unauthorized practice of law by drafting pleadings and other legal documents and providing legal advice to

litigants without a licensed attorney's supervision). Finally, "[n]onlawyers also engage in the unauthorized practice of law when they accept legal fees for legal representation and advice." *Disciplinary Counsel v. Pratt*, 127 Ohio St.3d 293, 2010-Ohio-6210, 939 N.E.2d 170, ¶ 17.

**{¶ 11}** Here, relator submitted prima facie evidence showing that Spicer had prepared legal agreements and instruments for Krauss and accepted fees for those services. And although Spicer claimed that he subcontracted with attorneys or was otherwise associated with one, by refusing to participate in this matter, he failed to submit any evidence suggesting that an Ohio-licensed attorney had supervised his legal work for Krauss or reviewed any of the documents that he had prepared for her. This collective conduct falls within our precedent described above. We therefore agree with the board's finding that Spicer engaged in the unauthorized practice of law.

### An Injunction and a Civil Penalty Are Warranted

**{¶ 12}** Having found that Spicer engaged in the unauthorized practice of law, we accept the board's recommendation that we issue an injunction prohibiting Spicer from performing legal services in the state of Ohio unless and until he secures a license to practice law and registers in accordance with the Rules for the Government of the Bar.

**{¶ 13}** We also accept the board's recommendation that Spicer pay a civil penalty of $10,000. Gov.Bar R. VII(8)(B) authorizes us to impose a civil penalty up to $10,000 per violation after considering several factors, including the degree of the respondent's cooperation in the investigation, the number of occasions the respondent engaged in the unauthorized practice of law, the flagrancy of the violations, and the harm to third parties. Spicer did not cooperate in relator's investigation or answer the formal complaint filed against him. With respect to the flagrancy of his conduct, the board found—and we agree—that he engaged in "deceit and thievery" by, among other things, misrepresenting to Krauss that his

work would be reviewed by an attorney, accepting $1,000 for estate-planning work that he failed to complete, and refusing to refund Krauss's money. As the board noted, imposition of the maximum penalty is consistent with *Disciplinary Counsel v. Hernandez*, 142 Ohio St.3d 251, 2014-Ohio-5486, 29 N.E.3d 916, in which we ordered an unlicensed individual to pay $10,000 for engaging in a "pattern of deceit," *id.* at ¶ 22, while advising an undocumented individual on immigration matters and preparing documents and correspondence on his behalf, *id.* at ¶ 21-25.

### Conclusion

{¶ 14} For the reasons explained above, we find that J. Scott Spicer engaged in the unauthorized practice of law. We enjoin him from engaging in the unauthorized practice of law in the future and impose a civil penalty of $10,000. Costs are taxed to Spicer.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____