639 S.E.2d 44

**In the Matter of Hattie E. BOYCE, Respondent.**

No. 26238.

Supreme Court of South Carolina.

Submitted Oct. 31, 2006.

Decided Dec. 11, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Hattie E. Boyce, of Spartanburg, pro se.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent entered into an agreement with Owner to purchase the office building where she practiced law. Pursuant to the agreement, respondent made payments to the bank that held the loan on the building. In April 2006, a lienholder

contacted Owner's attorney to collect on its lien. The attorney asked respondent to identify all encumbrances on the property, including what was owed to the bank. At respondent's instruction, her non-lawyer assistant prepared and served a subpoena for information on the bank.

The subpoena contained the following false and misleading statements and implications:

1. that Owner was a party in a pending civil action when he was not;

2. that the subpoena was issued by the "civil court in the County of Spartanburg" when it was not;

3. that the subpoena was in furtherance of a pending civil case when it was not;

4. that the bank was required by law to produce certain documents and information for inspection and copying when it was not;

5. that a designated official for the bank was required to provide the documents and information at the Spartanburg County Family Court when there was no cause pending in that court and no official for the bank was required to appear;

6. that the subpoena was issued in compliance with Rule 45(c)(1), SCRCP, when it was not; and

7. that respondent was an attorney acting on behalf of the plaintiff in a pending civil action in issuing the subpoena when, in fact, she was not.

Respondent acknowledges it was improper to send the subpoena when no action was pending. Even if the subpoena had been pursuant to a pending action, respondent admits she failed to review it prior to its service upon the bank. Finally, respondent admits that she failed to adequately supervise her non-lawyer assistant in the preparation and service of the subpoena.

## LAW

█ Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 5.3 (lawyer having supervisory authority over non-lawyer shall make reasonable efforts

to ensure the person's conduct is compatible with the professional obligations of the lawyer); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent acknowledges that her misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## CONCLUSION

■ We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.