**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Columbus Bar Assn. v. Kluesener,* **Slip Opinion No. 2017-Ohio-4417.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-4417

COLUMBUS BAR ASSOCIATION *v.* KLUESENER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Kluesener,* Slip Opinion No. 2017-Ohio-4417.]**

*Attorneys—Misconduct—Neglect of client matter, failure to keep client informed, and failure to comply with discovery request—Six-month suspension, fully stayed.*

(No. 2017-0221—Submitted April 5, 2017—Decided June 22, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-036.

_____

**Per Curiam.**

{¶ 1} Respondent, Jeffrey Thomas Kluesener, of Columbus, Ohio, Attorney Registration No. 0087256, was admitted to the practice of law in Ohio in 2011.  On August 26, 2016, relator, Columbus Bar Association, charged Kluesener with professional misconduct arising from his neglect of a single client matter.

**{¶ 2}** A panel of the Board of Professional Conduct considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 3}** In their consent agreement, the parties stipulate that Kluesener served as a law clerk at the Michael D. Christensen Law Offices, L.L.C., for approximately two years before he was admitted to the Ohio bar in May 2011 and assumed the role of a lawyer with the firm.

**{¶ 4}** On April 21, 2011, Anthony Vera hired the firm to pursue a products-liability claim against the manufacturer of a floor scrubber that allegedly caused him serious and permanent injury in a November 2010 work-related accident. Kluesener was involved in Vera's representation from the initial intake interview, first as a law clerk, and then as an attorney.

**{¶ 5}** Although Kluesener had never handled a products-liability case before, he was lead counsel on Vera's case and the only attorney identified as plaintiff's counsel on the complaint he drafted and filed in the Franklin County Court of Common Pleas.

**{¶ 6}** Kluesener knew that he would need to retain an expert to support Vera's claim that the floor scrubber was defective, but he did not know how to find an expert. He did not request the assistance of the other attorneys at his firm, even though he was periodically under the supervision of Attorneys Chanda Higgins (n.k.a. Chanda Brown) and Michael D. Christensen. He failed to respond to the defendant's discovery requests and an order to compel him to respond. And after the defendant filed a motion to dismiss the complaint, Kluesener voluntarily dismissed the complaint pursuant to Civ.R. 41(A).

**{¶ 7}** Kluesener refiled the complaint one year later, but the only effort he made to gather additional information in support of Vera's claim was to write a single letter to the expert who had investigated the accident in conjunction with a related workers' compensation claim. But that expert had found that there was no product defect and laid blame for the accident on the employer's requirement that

the scrubber be parked in a certain way. After Kluesener once again failed to respond to a court order directing him to respond to the defendant's discovery requests, the court dismissed Vera's case with prejudice on July 8, 2015.

{¶ 8} Kluesener admits that he did not communicate with Vera about his failure to hire an expert, his failure to respond to the defendant's discovery requests, the dismissal of Vera's complaint, or the fact that his failures could provide a cause of action for legal malpractice. Vera terminated the representation in December 2015 and after obtaining new counsel, filed a legal-malpractice and spoliation complaint against Kluesener and the Christensen firm. That complaint was settled and dismissed in February 2016.

{¶ 9} Kluesener admits that his conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), and 3.4(d) (prohibiting a lawyer from intentionally failing to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party).

{¶ 10} The parties agreed that no aggravating factors are present and that relevant mitigating factors include the absence of prior discipline, the absence of a dishonest or selfish motive, full and free disclosure to the board and a cooperative attitude toward the disciplinary proceedings, positive evidence of Kluesener's character and reputation, and his full acknowledgment of his misconduct. *See* Gov.Bar R. V(13)(B); Gov.Bar R. V(13)(C)(1), (2), (4), and (5).

{¶ 11} The parties stipulated that a six-month, fully stayed suspension is the appropriate sanction for Kluesener's misconduct. The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety.

**{¶ 12}** We have imposed six-month stayed suspensions for comparable misconduct in *Dayton Bar Assn. v. Sebree*, 96 Ohio St.3d 50, 2002-Ohio 2987, 770 N.E.2d 1009 (attorney undertook and then neglected client's representation and failed to respond to the client's numerous requests for information regarding the status of her case); *Dayton Bar Assn. v. Hooks*, 139 Ohio St.3d 462, 2014-Ohio-2596, 12 N.E.3d 1212 (attorney accepted retainer and agreed to seek modification of existing child-custody and child-support matters but failed to perform the work and failed to keep the client informed about the status of his legal matter); and *Cleveland Metro. Bar Assn. v. Fonda*, 138 Ohio St.3d 399, 2014-Ohio-850, 7 N.E.3d 1164 (attorney failed to act with reasonable diligence in two separate client matters, failed to keep the clients reasonably informed about the status of their legal matters, and failed to respond to their reasonable requests for information).

**{¶ 13}** We agree that Kluesener's conduct violated Prof.Cond.R. 1.1, 1.3, 1.4(a)(3), 1.16(d), and 3.4(d)  and that a six-month suspension, fully stayed on the condition that he engage in no further misconduct, is the appropriate sanction for his misconduct.  Therefore, we adopt the parties' consent-to-discipline agreement.

**{¶ 14}** Accordingly, Jeffrey Thomas Kluesener is hereby suspended from the practice of law for six months, with the entire suspension stayed on the condition that he engage in no further misconduct.  If Kluesener fails to comply with the condition of the stay, the stay will be lifted and he will serve the full six-month suspension.  Costs are taxed to Kluesener.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

R. Leland Evans; and Lori J. Brown, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Kegler, Brown, Hill & Ritter Co., L.P.A., and Jonathan E. Coughlan, for respondent.

_____