**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mahoning Cty. Bar Assn. v. Mickens,* **Slip Opinion No. 2018-Ohio-2630.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2630

MAHONING COUNTY BAR ASSOCIATION *v.* MICKENS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Mickens,* Slip Opinion No. 2018-Ohio-2630.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed six-month suspension.*

(No. 2017-1726—Submitted January 24, 2018—Decided July 10, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-028.

_____

**Per Curiam.**

{¶ 1} Respondent, Charles Gary Mickens, of Youngstown, Ohio, Attorney Registration No. 0052024, was admitted to the practice of law in Ohio in 1991.

{¶ 2} On December 8, 2016, we publicly reprimanded Mickens for neglecting a probate matter, failing to communicate with the fiduciary for that probate estate, and failing to advise his clients that he did not maintain professional-

liability insurance. *Disciplinary Counsel v. Mickens*, 151 Ohio St.3d 302, 2016-Ohio-8022, 88 N.E.3d 920.

{¶ 3} In a formal complaint certified to the Board of Professional Conduct on June 29, 2017, relator, Mahoning County Bar Association, charged Mickens with several ethical violations relating to the representation of a single client who retained him in December 2003—approximately eight years before the conduct for which Mickens was previously disciplined.

{¶ 4} A panel of the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16). The parties stipulated that Troy Carlton retained Mickens to pursue an insurance claim arising from a structure fire. Carlton paid a $500 retainer plus $300 for the filing fee and gave Mickens all of the paperwork he had received from the insurance company. After Mickens failed to return Carlton's phone calls, Carlton became frustrated and stopped calling, but he never sought or retained new counsel. During a chance meeting at a local courthouse in late 2016, Carlton asked Mickens about the status of his case. Mickens stated that he would look into it, but Carlton never heard from him again. Mickens has admitted that he did not resolve the matter with the insurance company or file suit on Carlton's behalf and that he owes Carlton a refund of $800. He also admitted that he did not carry malpractice insurance during the representation and that he has no recollection of having informed Carlton of that fact.

{¶ 5} The parties stipulated and the board found that the conduct set forth above violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with a client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from a client), and 1.4(c) (requiring a lawyer to inform a client if the lawyer does not maintain professional-

liability insurance and obtain a signed acknowledgment of that notice from the client).[1]  Relator agreed to dismiss one additional alleged violation.

{¶ 6} Stipulated aggravating factors include Mickens's prior disciplinary offenses and a selfish motive, *see* Gov.Bar R. V(13)(B)(1) and (2), and mitigating factors include Mickens's full and free disclosure to the board, his cooperative attitude toward the disciplinary proceedings, and evidence of his good character and reputation, *see* Gov.Bar R. V(13)(C)(4) and (5).

{¶ 7} The board recommends that we adopt the parties' consent-to-discipline agreement and suspend Mickens from the practice of law for six months, with the entire suspension stayed on the conditions that he make restitution of $800 to Carlton within 60 days of our order, complete six hours of continuing legal education ("CLE") in law-office management, serve one year of monitored probation, and engage in no additional misconduct.  In support of its recommendation, the board noted that in *Columbus Bar Assn. v. Kluesener*, 150 Ohio St.3d 322, 2017-Ohio-4417, 81 N.E.3d 457, we adopted a consent-to-discipline agreement and imposed a conditionally stayed six-month suspension for similar rule violations arising from an attorney's neglect of a matter.  We note that in *Disciplinary Counsel v. Simon*, 146 Ohio St.3d 44, 2016-Ohio-535, 51 N.E.3d 605, we also imposed a conditionally stayed six-month suspension on an attorney with prior discipline who failed to reasonably communicate with two clients, neglected the legal matter of one of those clients, and failed to inform the other client that he did not maintain professional-liability insurance.

{¶ 8} Based on the foregoing, we agree that Mickens's conduct violated Prof.Cond.R. 1.3, 1.4(a)(2) through (a)(4), and 1.4(c) and that a six-month

---

[1] To the extent that Mickens's misconduct commenced before February 1, 2007, the effective date of the Rules of Professional Conduct, but continued after that effective date, the acts comprise single continuing ethical violations whether charged under the Rules of Professional Conduct, the former Disciplinary Rules of the Code of Professional Responsibility, or both.  *See, e.g.*, *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

suspension, stayed on the recommended conditions, is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

**{¶ 9}** Accordingly, Charles Gary Mickens is suspended from the practice of law in Ohio for six months, with the entire suspension stayed on the conditions that he pay restitution of $800 to Troy Carlton within 60 days of this order, complete six hours of CLE in law-office management in addition to the requirements of Gov.Bar R. X, serve a one-year period of monitored probation in accordance with Gov.Bar R. V(21), and engage in no further misconduct. If Mickens fails to comply with any condition of the stay, the stay will be lifted and he will serve the full six-month suspension. Costs are taxed to Mickens.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

DEGENARO, J., not participating.

_____

David C. Comstock Jr., Bar Counsel, for relator.

Charles Gary Mickens, pro se.

_____