**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Davis,* **Slip Opinion No. 2019-Ohio-1314.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1314

DISCIPLINARY COUNSEL *v.* DAVIS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Davis,* Slip Opinion No. 2019-Ohio-1314.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct and the former Code of Professional Responsibility—Public reprimand.*

(No. 2018-1761—Submitted January 30, 2019—Decided April 10, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-028.

_____

**Per Curiam.**

{¶ 1} Respondent, David William Davis, of Bridgeport, Ohio, Attorney Registration No. 019639, was admitted to the practice of law in Ohio in 1973. Davis served for 32 years as a part-time judge of the Belmont County Court and for 30 years as a bankruptcy trustee.

**{¶ 2}** In 2017, Davis's longtime bookkeeper was convicted of stealing funds from Davis's client trust account. Relator, disciplinary counsel, thereafter charged Davis with failing to perform the required monthly reconciliations of his client trust account and failing to adequately supervise his staff. Based on the parties' stipulations and Davis's hearing testimony, a panel of the Board of Professional Conduct found that he had engaged in the charged misconduct and recommended that he be publicly reprimanded. The board issued a report adopting the panel's findings of fact, conclusions of law, and recommended sanction. The parties have jointly waived objections and requested that we adopt the board's report.

**{¶ 3}** Based on our review of the record, we adopt the board's findings of misconduct and agree that a public reprimand is the appropriate sanction in this case.

## Misconduct

**{¶ 4}** In 1980, Davis's then law firm hired Jayne Sliva as a legal secretary. In 2001, Davis established a solo law practice and retained Sliva to serve as his secretary, bookkeeper, and office manager. In 2003, Sliva began stealing from Davis. Specifically, Davis practiced bankruptcy law and received significant amounts of cash payments from clients, either for legal fees or court costs. Although Sliva recorded those payments on a client ledger, she regularly converted all or a portion of the funds for her own use, rather than depositing the money into Davis's client trust account or his law firm's general operating account. In other words, Sliva skimmed money from client cash payments that she should have deposited into one of Davis's bank accounts.

**{¶ 5}** In 2012, Sliva left Davis's office to pursue other employment, and in 2014, he decided to merge his law practice with another attorney's. In preparing to close his solo practice, Davis audited his books and discovered that money was missing from both his client trust account and his operating account. In January

2

2015, he filed a police report, which led to the Ohio Attorney General's office conducting a forensic audit of the accounts. The attorney general determined that between 2003 and 2012, Sliva had embezzled $185,365.75 from Davis: $125,948 that should have been deposited into his operating account and $59,417.75 that should have been deposited into his client trust account.

**{¶ 6}** In 2017, Sliva pleaded guilty to aggravated theft by deception and tampering with records. The Belmont County Court of Common Pleas sentenced her to 36 months of incarceration and ordered her to make restitution to Davis for the amount stolen. In September 2017, Sliva paid Davis an initial $100,000. He also received $10,000 from a bonding company.

**{¶ 7}** During his disciplinary proceedings, Davis admitted that when Sliva worked for him, he regularly reviewed the bank statements for his client trust account but never conducted a monthly reconciliation of the account by comparing the client ledgers with the client-trust-account registers and bank statements. Accordingly, the parties stipulated and the board found that he violated Prof.Cond.R. 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the records of funds being held on a client's behalf) and former DR 9-102(B)(3) (requiring a lawyer to maintain complete records of all client property coming into the lawyer's possession and render appropriate accounts to each client). In addition, the parties stipulated and the board found that Davis failed to adequately supervise Sliva in violation of Prof.Cond.R. 5.3(b) (requiring a lawyer to make reasonable efforts to ensure that a nonlawyer employee's conduct is compatible with the professional obligations of the lawyer) and former DR 1-102(A)(6) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).[1]

---

1. Because Davis's misconduct occurred both prior to and after February 1, 2007, the effective date of the Rules of Professional Conduct, relator charged Davis under the former Code of Professional Responsibility and the counterpart provisions of the current Rules of Professional Conduct.

**{¶ 8}** We agree with the board's findings of misconduct.

## Sanction

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 10}** The board found no aggravating factors in this case but several mitigating factors. Specifically, Davis has a clean disciplinary record and lacked a dishonest or selfish motive. *See* Gov.Bar R. V(13)(C)(1) and (2). He made a timely, good-faith effort to rectify the consequences of his misconduct by depositing $35,677.46 of his own money into his client trust account to make up for the amount of unearned client funds still missing from the account. *See* Gov.Bar R. V(13)(C)(3). He made full and free disclosures to relator and, as the board found, "displayed an extremely cooperative attitude" toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(4). He also provided 25 letters attesting to his good character and reputation in the community, and he suffered other penalties for his misconduct—namely, he used personal funds to balance his trust account. *See* Gov.Bar R. V(13)(C)(5) and (6). Finally, the board noted that none of Davis's clients lost money as a result of his misconduct and that Davis and his current law partner have implemented procedures to prevent theft from occurring in the future.

**{¶ 11}** In proposing a sanction, the board reviewed three cases in which attorneys had failed to adequately supervise their nonlawyer employees. In *Disciplinary Counsel v. Ball*, 67 Ohio St.3d 401, 404, 618 N.E.2d 159 (1993), an attorney "relinquished significant aspects of his probate practice" to his legal

---

However, the board concluded—and relator agreed—that Davis's continuing course of conduct from 2003 to 2012 constituted only two professional-conduct-rule violations as opposed to four separate violations. *See Disciplinary Counsel v. Crosby*, 124 Ohio St.3d 226, 2009-Ohio-6763, 921 N.E.2d 225, ¶ 2, fn.1.

secretary, resulting in the attorney's neglect of ten separate probate matters due to the secretary's failure to timely file documents in those cases. In addition, the secretary misappropriated more than $200,000 from estate and guardianship accounts for which Ball was the attorney or fiduciary. We concluded that the attorney's "total failure to supervise any work done by his nonlawyer employee" required a six-month suspension from the practice of law. *Id.*

{¶ 12} In *Mahoning Cty. Bar Assn. v. Lavelle*, 107 Ohio St.3d 92, 2005-Ohio-5976, 836 N.E.2d 1214, we found that an attorney's failure to supervise his staff created an office environment allowing employees to alter and falsely notarize documents. Specifically, the attorney "chose to remain oblivious to the improper actions of the persons he hired, thereby violating the trust that his clients and others placed in him and his office staff." *Id.* at ¶ 29. In addition, the attorney neglected a client's domestic-relations case and failed to cooperate in the ensuing disciplinary investigation. Based on this misconduct, we suspended the attorney for 18 months, with 12 months conditionally stayed.

{¶ 13} Finally, in *Disciplinary Counsel v. Maley*, 119 Ohio St.3d 217, 2008-Ohio-3923, 893 N.E.2d 180, an attorney gave his secretary broad authority to use the office credit card and work directly with clients. Consequently, the employee prepared and filed pleadings without the attorney's knowledge, and she used the office credit card for personal purchases. We found that the attorney "either knew or should have known that she was taking money from clients and performing legal work for them," *id.* at ¶ 14, and that "his lack of responsibility facilitated her unauthorized practice of law," *id.* at ¶ 22. In addition, the attorney failed to maintain a client trust account and therefore regularly commingled client and business funds. We suspended him for 18 months, with six months conditionally stayed.

{¶ 14} The facts here are much less egregious than those in *Ball*, *Lavelle*, and *Maley*. As the board found, clients in those cases were detrimentally affected

by their attorney's actions but Davis's "misplaced trust in his former employee resulted in no harm to clients but significant harm to him." Further, *Ball*, *Lavelle*, and *Maley* involved professional misconduct more varied than Davis's, which was essentially limited to his failure to compare his client ledger sheets with monthly bank statements.

{¶ 15} The board also reviewed cases from outside Ohio, including *In re Ponder*, 375 S.C. 525, 654 S.E.2d 533 (2007). In that matter, an attorney's assistant embezzled over $238,000 from the attorney's trust account by forging the attorney's name to various checks drawn on the account over a two-year period. The attorney had failed to review canceled checks from his trust account and to perform monthly reconciliations of bank statements with trust-account records. Like Davis, the attorney deposited his own funds into the trust account to cover the shortages caused by his employee's theft, and the attorney similarly had an otherwise clean disciplinary record and fully cooperated in the disciplinary investigation. The Supreme Court of South Carolina publicly reprimanded him for the misconduct.

{¶ 16} We agree with the board that the facts here are more comparable to those in *Ponder* than to those in *Ball*, *Lavelle*, and *Maley* and that considering Davis's significant mitigating evidence, a public reprimand is the appropriate sanction in this case. We reiterate that although "[d]elegation of work to nonlawyers is essential to the efficient operation of any law office," "delegation of duties cannot be tantamount to the relinquishment of responsibility by the lawyer" and "[s]upervision is critical in order that the interests of clients are effectively safeguarded." *Ball*, 67 Ohio St.3d at 404, 618 N.E.2d 159.

### Conclusion

{¶ 17} David William Davis is hereby publicly reprimanded for violating Prof.Cond.R. 1.15(a)(5) and 5.3(b). Costs are taxed to Davis.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

———————————

Scott J. Drexel, Disciplinary Counsel, and Stacey Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Charles J. Kettlewell, for respondent.

———————————