**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Columbus Bar Assn. v. Christensen and Kluesener,* **Slip Opinion No. 2020-Ohio-167.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-167

COLUMBUS BAR ASSOCIATION *v.* CHRISTENSEN AND KLUESENER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Christensen and Kluesener,* Slip Opinion No. 2020-Ohio-167.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Public reprimand (Christensen)—Conditionally stayed one-year suspension (Kluesener).*

(No. 2019-0802—Submitted July 9, 2019—Decided January 23, 2020.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-070.

_____

**Per Curiam.**

{¶ 1} This attorney-discipline case involves two attorneys. The first respondent, Michael Dean Christensen, of Columbus, Ohio, Attorney Registration No. 0071612, was admitted to the practice of law in Ohio in 1999. Christensen has no prior disciplinary offenses.

{¶ 2} The second respondent, Jeffrey Thomas Kluesener, of Columbus, Ohio, Attorney Registration No. 0087256, was admitted to the practice of law in Ohio in 2011. Since becoming a lawyer, Kluesener has worked for Christensen's law firm, the Law Offices of Michael D. Christensen. In June 2017, we imposed a conditionally stayed six-month suspension on Kluesener for neglecting and failing to provide competent representation in a client's product-liability case. *Columbus Bar Assn. v. Kluesener*, 150 Ohio St.3d 322, 2017-Ohio-4417, 81 N.E.3d 457.

{¶ 3} In December 2018, relator, Columbus Bar Association, separately charged Christensen and Kluesener with professional misconduct for issuing invalid prelawsuit subpoenas as a method of obtaining information during the investigation stage of potential civil actions. The Board of Professional Conduct considered the case on the parties' consent-to-discipline agreements. *See* Gov.Bar R. V(16). For the reasons explained below, we accept the parties' agreements and recommended sanctions.

**Misconduct**

{¶ 4} In their agreements, the parties stipulated to the following facts. On at least seven occasions, Christensen sent invalid subpoenas to opposing parties seeking information about potential personal-injury actions, even though Christensen had not yet filed a lawsuit or an R.C. 2317.48 action for discovery regarding any of those matters. Kluesener, while employed by Christensen, sent at least six invalid subpoenas under similar circumstances. Respondents issued the "subpoenas" on preprinted Civ.R. 45 forms that either included the word "pending" in the space provided for a case number or left that space blank. The forms also included language threatening the recipients with contempt or other sanctions for failure to comply.

{¶ 5} Respondents admit that they used the invalid subpoenas as a way to obtain litigation-related materials when a letter requesting such materials may not have been successful. For example, some of the "subpoenas" requested that

recipients produce videos of incidents being investigated. One "subpoena" requested attendance records from an employer, and another "subpoena" that was directed to a police officer requested a radio report, witness statements, and pictures of an accident scene. At least one of the recipients produced materials in response to the "subpoena."

{¶ 6} According to Christensen, he mistakenly believed that the practice was acceptable based on a conversation he had had with a clerk at the Franklin County Court of Common Pleas. Christensen also admits, however, that he knew that the "subpoenas" were unenforceable and that he never attempted to enforce them. Kluesener also never sought to enforce the invalid subpoenas and acknowledges that although he never researched the propriety of serving them, he should have known that they were improper. Both respondents recognize that by issuing the "subpoenas" without first filing a complaint, they improperly invoked a court's authority with third parties.

{¶ 7} Christensen also admits that as Kluesener's supervisor, he had responsibility for Kluesener's work and that he had implicitly authorized Kluesener's use of the invalid subpoenas. Kluesener admits that he directed a nonlawyer assistant to send one invalid subpoena and that a paralegal working with him followed up with a recipient about materials requested through an invalid subpoena and continued to do so even after the recipient's attorney had contacted Kluesener to complain about the inappropriateness of the request. Kluesener later directed the paralegal to refrain from further efforts seeking the materials.

{¶ 8} Based on this conduct, Christensen and relator stipulated that he violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 5.1(c) (declaring that a lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved or if the lawyer has direct supervisory authority over the other lawyer and knows of the conduct at

a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action), and 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice).

{¶ 9} Kluesener and relator stipulated that he violated Prof.Cond.R. 1.1, 5.3(b) (requiring a lawyer to make reasonable efforts to ensure that a nonlawyer employee's conduct is compatible with the professional obligations of the lawyer), 5.3(c) (declaring that a lawyer shall be responsible for conduct of a nonlawyer that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if the lawyer orders or ratifies the conduct involved or the lawyer has direct supervisory authority over the nonlawyer and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action), and 8.4(d).

{¶ 10} We agree that Christensen and Kluesener engaged in the stipulated misconduct.

**Christensen's Sanction**

{¶ 11} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 12} The parties stipulate that no aggravating factors are present in Christensen's case. In mitigation, they agree that Christensen has a clean disciplinary record, made full and free disclosures to the board and cooperated in the disciplinary process, and submitted evidence of good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (4), and (5).

{¶ 13} Based on Christensen's commitment to abandon any further use of the invalid subpoenas, the parties recommend that he receive a public reprimand. According to the parties, this is a case of first impression in Ohio, especially considering the Prof.Cond.R. 5.1 violation, and to support the recommended

4

sanction, they cite cases involving misconduct of what they consider to be comparable severity. For example, the parties cite *Disciplinary Counsel v. Davis*, 156 Ohio St.3d 414, 2019-Ohio-1314, 128 N.E.3d 199, in which we publicly reprimanded an attorney who failed to perform monthly reconciliations of his client trust account and failed to adequately supervise a nonlawyer assistant, facilitating her ability to embezzle more than $185,000 from the attorney, including $59,417 from his client trust account.

{¶ 14} The board concluded that Christensen's consent-to-discipline agreement conforms to the requirements of Gov.Bar R. V(16) and recommends that we adopt it. To support the recommended sanction, the board relies on *Davis* and *In re Boyce*, 371 S.C. 259, 639 S.E.2d 44 (2006), in which the Supreme Court of South Carolina publicly reprimanded an attorney who instructed her nonlawyer assistant to send to a bank a subpoena including false and misleading statements even though no action had yet been filed. The court found that the attorney had violated several South Carolina disciplinary rules, including those equivalent to Prof.Cond.R. 5.3(b) and 8.4(d).

{¶ 15} Considering the mitigating factors and the lack of any aggravating factors, we agree that a public reprimand is the appropriate sanction in Christensen's case.

### Kluesener's Sanction

{¶ 16} The parties stipulate that one aggravating factor is present in Kluesener's case—his prior disciplinary record. *See* Gov.Bar R. V(13)(B)(1). In mitigation, the parties agree that he made full and free disclosures during the board proceedings and cooperated in the disciplinary process. *See* Gov.Bar R. V(13)(C)(4). The parties also note that Kluesener has accepted responsibility for his actions, although they did not expressly characterize this stipulation as a mitigating factor.

{¶ 17} Kluesener and relator recommend that he serve a one-year suspension, with the entire suspension stayed on conditions, including that he refrain from issuing any additional improper prelawsuit subpoenas, commit no further misconduct, and submit to an attorney's monitoring of his practice. Because the parties could not identify any Ohio cases involving similar misconduct, they cite cases involving similar rule violations to support their recommended sanction. *See, e.g.*, *Columbus Bar Assn. v. LaFayette*, 152 Ohio St.3d 147, 2017-Ohio-9205, 93 N.E.3d 970 (imposing a conditionally stayed six-month suspension on an attorney who violated Prof.Cond.R. 1.1 by failing to competently represent clients in immigration and bankruptcy matters, among other professional misconduct); *Mahoning Cty. Bar Assn. v. Lavelle*, 107 Ohio St.3d 92, 2005-Ohio-5976, 836 N.E.2d 1214 (imposing an 18-month suspension, with 12 months conditionally stayed, on an attorney who failed to supervise nonlawyer staff and thereby created an office environment allowing employees to alter and falsely notarize documents).

{¶ 18} The board concluded that Kluesener's consent-to-discipline agreement conforms to the requirements of Gov.Bar R. V(16) and recommends that we adopt it. The board found that Kluesener's violations of Prof.Cond.R. 1.1 and 8.4(d) are more egregious than his violations of Prof.Cond.R. 5.3 for failing to supervise a nonlawyer assistant. Therefore, to support the recommended sanction, the board cites cases involving similar Prof.Cond.R. 1.1 and 8.4(d) violations. *See, e.g.*, *Disciplinary Counsel v. Miller*, 149 Ohio St.3d 731, 2017-Ohio-2821, 77 N.E.3d 979 (imposing a conditionally stayed one-year suspension on an attorney who violated Prof.Cond.R. 1.1 and 8.4(d) and other rules for failing to timely record documents relating to a real-estate transaction and then engaging in fraudulent efforts to conceal his misconduct).

{¶ 19} Considering the balance of the aggravating and mitigating factors—including that this is Kluesener's second disciplinary case in a roughly two-year

6

period—we agree that a conditionally stayed one-year suspension is the appropriate sanction in his case.

## Conclusion

{¶ 20} For the reasons explained above, we accept the parties' consent-to-discipline agreements. Michael Dean Christensen is hereby publicly reprimanded for the above-described misconduct. Jeffrey Thomas Kluesener is suspended from the practice of law for one year, with the entire suspension stayed on the conditions that he (1) refrain from any further use of improper prelawsuit subpoenas, (2) engage in no other misconduct, and (3) serve a one-year period of monitored probation pursuant to Gov.Bar R. V(21). If Kluesener fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. One-half the costs of this proceeding are taxed to Christensen, and one-half the costs are taxed to Kluesener.

Judgment accordingly.

O'CONNOR, C.J., and FRENCH, FISCHER, DONNELLY, and STEWART, JJ., concur.

FISCHER, J., concurs, with an opinion joined by DONNELLY, J.

KENNEDY, J., concurs in part and dissents in part, with an opinion joined by DEWINE, J.

————————————

**FISCHER, J., concurring.**

{¶ 21} I join the majority opinion. I write separately to respectfully disagree with the viewpoint set forth in the opinion concurring in part and dissenting in part that monitored probation is not necessary in respondent Jeffrey Thomas Kluesener's case and with that opinion's argument that specific conditions need to be attached to his term of monitored probation under the Supreme Court Rules for the Government of the Bar.

**{¶ 22}** As I stated in *Disciplinary Counsel v. Halligan*, ___Ohio St.3d ___, 2019-Ohio-3748, ___ N.E.3d ___, ¶ 33-36 (Fischer, J., concurring), *Disciplinary Counsel v. Harmon*, ___Ohio St.3d___, 2019-Ohio-4171, ___ N.E.3d ___, ¶ 60 (Fischer, J., dissenting), and *Dayton Bar Assn. v. Sullivan*, ___ Ohio St.3d ___, 2020-Ohio-124, ___ N.E.3d ___, ¶ 40 (Fischer, J., concurring), neither the Supreme Court Rules for the Government of the Bar nor decades of this court's case law addressing attorney discipline supports such a requirement. Thus, I must disagree with the viewpoint espoused by the opinion concurring in part and dissenting in part that a term of monitored probation must include specific conditions.

**{¶ 23}** And after reviewing the record in this case, I also disagree with the concurring-and-dissenting opinion's conclusion that Kluesener's consent-to-discipline agreement should be rejected because monitored probation is not necessary.

**{¶ 24}** Monitored probation is an effective tool to keep a disciplined attorney on " ' "on a short leash," ' " *Halligan* at ¶ 34 (Fischer, J., concurring), quoting *Disciplinary Counsel v. Sarver*, 155 Ohio St.3d 100, 2018-Ohio-4717, 119 N.E.3d 405, ¶ 47 (Fischer, J., concurring in part and dissenting in part), by allowing a monitoring attorney to act as the eyes of this court and effectively monitor the disciplined attorney's actions and behavior for the duration of the probation period. *See* Gov.Bar R. V(21)(C).

**{¶ 25}** While monitored probation can be utilized to provide education and support to an attorney in a specific area, *see, e.g.*, *Disciplinary Counsel v. Bennett*, 146 Ohio St.3d 237, 2016-Ohio-3045, 54 N.E.3d 1232, ¶ 19, it can also be utilized in a more general manner that allows this court, through the monitoring attorney, the flexibility to help guide the disciplined attorney and meet his or her needs, while also adequately protecting the public. *See Sullivan* at ¶ 49 (Fischer, J. concurring).

**{¶ 26}** The opinion concurring in part and dissenting in part concludes that the benefits of Kluesener's monitored probation are outweighed by the burdens that

will be imposed on relator, Columbus Bar Association. But that is unsupported given that it was relator and Kluesener who entered into this consent-to-discipline agreement and proposed a term of monitored probation without specific conditions. If monitored probation in Kluesener's case would unduly burden relator or was unnecessary to protect the public, I think it unlikely that relator would have recommended the requirement. Thus, by submitting this agreement to this court, relator, Kluesener, and the Board of Professional Conduct have all expressed that monitored probation, without specific conditions, will be an effective resource to Kluesener and will help protect the public. *See Disciplinary Counsel v. Schuman*, 152 Ohio St.3d 47, 2017-Ohio-8800, 92 N.E.3d 850, ¶ 17 (the primary purpose of disciplinary sanctions is to protect the public).

{¶ 27} Nevertheless, it is not enough for the board to simply recommend monitored probation for it to be imposed; this court is the ultimate authority on attorney discipline, *Cincinnati Bar Assn. v. Heitzler,* 32 Ohio St.2d 214, 220, 291 N.E.2d 477 (1972), and may reject the consent-to-discipline agreement, *see, e.g.*, *Disciplinary Counsel v. Sarver*, 150 Ohio St.3d 1439, 2017-Ohio-7742, 82 N.E.3d 1173; Gov.Bar R. V(16)(A)(4)(e) and (D). I agree, however, with the majority opinion that the sanction recommended in the consent-to-discipline agreement, which includes a term of monitored probation, is an appropriate sanction.

{¶ 28} The general term of monitored probation being imposed in this case will help protect the public far more effectively than would a sanction without that requirement, as Kluesener will be required to be in regular and repeated contact with the monitoring attorney and will have "the proverbial 'sword of Damocles' of * * * time without his license 'hanging over his head' if he violates any ethical duty or any of the conditions during the suspension period," *Sarver*, 155 Ohio St.3d 100, 2018-Ohio-4717, 119 N.E.3d 405, at ¶ 47 (Fischer, J., concurring in part and dissenting in part). Should problems arise, the monitoring attorney would be able to assist and generally guide Kluesener in the right direction. *See id.*

**{¶ 29}** Thus, because ordering a general term of monitored probation without specified conditions is appropriate in a variety of cases, including this case, I join the majority opinion and respectfully disagree with the opinion concurring in part and dissenting in part.

DONNELLY, J., concurs in the foregoing opinion.

_____

**KENNEDY, J., concurring in part and dissenting in part.**

**{¶ 30}** The majority today publicly reprimands respondent Michael Dean Christensen and suspends respondent Jeffrey Thomas Kluesener from the practice of law for one year but stays the entire suspension on the conditions that he (1) refrain from any further use of improper prelawsuit subpoenas, (2) engage in no other misconduct, and (3) serve a one-year period of monitored probation pursuant to Gov.Bar R. V(21). I agree with the majority's determination that a public reprimand is the appropriate sanction for Christensen, but I disagree with the majority's requirement that Kluesener serve a one-year term of monitored probation as a condition of the stay of his suspension. Therefore, I would reject the consent-to-discipline agreement submitted on behalf of Kluesener and remand that matter to the Board of Professional Conduct for further proceedings.

**{¶ 31}** Monitored probation "should be meted out judiciously rather than reflexively," *Disciplinary Counsel v. Harmon*, ___ Ohio St.3d ___, 2019-Ohio-4171, ___ N.E.3d ___, ¶ 57 (Kennedy, J., dissenting), to avoid overwhelming the volunteer monitoring attorneys on whom the probation system designed by Gov.Bar R. V(21) depends. "[A]ttorneys who serve as monitors are a precious finite resource. And we should be good stewards of that resource and employ their services only when it is absolutely necessary: when the benefit of a monitor's service will educate the errant attorney and alleviate the underlying misconduct, while protecting the public." *Toledo Bar Assn. v. Manore*, ___ Ohio St.3d ___, 2019-Ohio-3846, ___ N.E.3d ___, ¶ 23 (Kennedy, J., concurring in part and

dissenting in part). For example, monitored probation is useful for helping a disciplined attorney learn how to properly operate a law practice and manage client trust accounts, *see, e.g.*, *Disciplinary Counsel v. Simmons*, ___ Ohio St.3d ___, 2019-Ohio-3783, ___ N.E.3d ___, ¶ 21 (Kennedy, J., concurring in part and dissenting in part), but not when the misconduct involves an attorney's deliberate acts or willful ignorance of the attorney's professional obligations, *see, e.g.*, *Cincinnati Bar Assn. v. Begovic*, ___ Ohio St.3d ___, 2019-Ohio-4531, ___ N.E.3d ___, ¶ 43-44 (Kennedy, J., concurring in part and dissenting in part).

{¶ 32} Staying a suspension from the practice of law on conditions can be a preferable method to compel compliance with a disciplinary order of this court without "overburden[ing] attorneys who contribute their time to volunteer as probation monitors," *Harmon* at ¶ 57 (Kennedy, J., dissenting). In contrast to Gov.Bar R. V(21)'s provisions on monitored probation, the Rules for the Government of the Bar do not provide any specific requirement or procedure for a relator or a monitoring attorney to supervise an attorney's compliance with the conditions of a stayed suspension. Rather, when we impose conditions on a stayed suspension, we reserve our power to dissolve the stay and reinstate the suspension from the practice of law, encouraging a disciplined attorney to take control of his or her own rehabilitation and to comply with his or her professional obligations.

{¶ 33} In the circumstances of this case, the benefits of Kluesener's monitored probation do not outweigh the burdens that will be imposed on relator, Columbus Bar Association, and the monitoring attorney. First, the majority itself recognizes that the improper prelawsuit use of subpoenas, standing alone, does not warrant monitored probation, because the majority does not impose that requirement on Christensen for the same misconduct. Second, monitored probation is not needed to teach Kluesener about his professional obligations, because the disciplinary process and the majority opinion in this case should make it clear to him that his prelawsuit use of subpoenas was improper, and it is now incumbent on

Kluesener himself to take responsibility for conforming his conduct to the Rules of Professional Conduct. Third, imposing conditions on the stay of Kluesener's suspension discourages any future use of improper prelawsuit subpoenas or other professional misconduct; if he engaged in further misconduct, then the stay of the suspension would be lifted.

{¶ 34} But even if I agreed with the majority's inclusion of probation as a condition of the stay of Kluesener's suspension, I would not join the majority opinion, because it neglects to impose any conditions on the probation. *See Disciplinary Counsel v. Halligan*, ___ Ohio St.3d ___, 2019-Ohio-3748, ___ N.E.3d ___, ¶ 41-45 (Kennedy, J., concurring in part and dissenting in part) (explaining that when this court imposes probation, it must also impose conditions on the probation). The monitored-probation scheme established by Gov.Bar R. V(21) cannot function effectively without this court's imposition of conditions on probation. After all, the first duty listed for monitoring attorneys in Gov.Bar R. V(21)(B)(1) is to "[m]onitor compliance by the respondent *with the conditions of probation imposed by the Supreme Court*." (Emphasis added.)

{¶ 35} Specific conditions of probation, tailored to the facts and circumstances of a respondent's misconduct, define the obligations of the respondent and of the monitoring attorney. "Monitors should be given a framework in which to skillfully examine certain aspects of a respondent's practice, rather than be forced to attempt an all-encompassing, untargeted supervision of the practice." *Harmon*, __ Ohio St.3d __, 2019-Ohio-4171, __ N.E.3d __, at ¶ 57 (Kennedy, J., dissenting). Establishing expectations for a respondent and his or her monitoring attorney makes monitoring more manageable and rehabilitative. *Id.* It is also what the Rules for the Government of the Bar require.

{¶ 36} But here, the majority gives no specific guidance to Kluesener or his monitor regarding their respective duties during the term of monitored probation. The majority does not describe what the monitor should be monitoring during the

monthly in-person meetings that will be required by Gov.Bar R. V(21)(C)(1), nor does it determine what access the monitor should have to Kluesener's client files and records or even what would constitute a violation of probation. The majority gives no explanation of how this court would ever be able to find that Kluesener had violated the conditions of probation pursuant to Gov.Bar R. V(21)(K) when no conditions will have been imposed by the court in the first instance. Without specifying conditions, imposing probation is not only unworkable as a practical matter, but it also raises due-process concerns regarding a disciplined attorney's right to fair notice of what is expected of him or her during the term of probation.

{¶ 37} Moreover, in a consent-to-discipline case such as this, the parties have the opportunity to design the most appropriate conditions based on the facts and circumstances of the case. The relator, which must supervise the term of probation, and the respondent, who must serve it, share an interest in ensuring that the conditions of probation promote the disciplined attorney's rehabilitation while protecting the public and making good use of the time and energy of the relator, the respondent, and the monitoring attorney. When the relator and the respondent enter into a consent-to-discipline agreement stipulating that the sanction for the respondent's misconduct should include monitored probation, the parties need to include conditions for the probation. Conditions are essential to monitored probation and must be specified by this court when probation is imposed, but neither the board nor this court has the authority to modify a consent-to-discipline agreement to add conditions that the parties omitted, *see* Gov.Bar R. V(16)(B) and (C); Gov.Bar R. V(17)(D); *see also* Gov.Bar R. V(12)(I) ("If applicable, the panel shall include in its report any conditions of probation"). Therefore, consent-to-discipline agreements that include monitored probation but do not specify its conditions should be rejected by the board or, failing that, should be rejected by this court.

{¶ 38} "An effective attorney-probation system—one that follows the Rules for the Government of the Bar—requires the considered input of this court in establishing the conditions of probation." *Halligan*, ___ Ohio St.3d ___, 2019-Ohio-3748, ___ N.E.3d ___, at ¶ 47 (Kennedy, J., concurring in part and dissenting in part). Because the majority imposes monitored probation when it is unnecessary, and because it fails to impose sufficient conditions on the probation, I dissent from the sanction imposed by the court on Kluesener and would remand this matter to the board for further proceedings.

DEWINE, J., concurs in the foregoing opinion.

_____

Dickie, McCamey & Chilcote, P.C., and R. Leland Evans; and Kent R. Markus, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Charles J. Kettlewell, L.L.C., and Charles J. Kettlewell, for respondent Michael Dean Christensen.

Coughlan Law Firm and Jonathan E. Coughlan, for respondent Jeffrey Thomas Kluesener.

_____